UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT HEZEKIAH PRESCOTT,

        Plaintiff,

v.

RUTH GRUIZENGA, et al.,

        Defendants.

_____/

Case No. 1:22-cv-176

Hon. Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

### Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. The events about which Plaintiff complains occurred while he was incarcerated at that facility, but they

relate to events that occurred in the Kalamazoo County Prosecutor's Office and the Kalamazoo County Circuit Court after Plaintiff's judgment of conviction became final. Plaintiff sues Kalamazoo County Circuit Court Chief Clerk Ruth Gruizenga and Kalamazoo County Assistant Prosecutor Mark A. Holsomback.

Plaintiff alleges that Defendant Gruizenga refused to accept for filing a motion for relief from judgment that Plaintiff submitted on August 20, 2021. Only after Plaintiff complained to the State Court Administrative Office was the motion docketed. (Dec. 21, 2021, Letter, ECF No. 1, PageID.32.) The motion was docketed as if it were filed on August 20, 2021. After it was docketed, however, it was promptly denied by the Kalamazoo County Circuit Court. (Kalamazoo Cnty. Cir. Ct. Register of Actions, ECF No. 1, PageID.45.) Plaintiff contends that Defendant Gruizenga, by not promptly docketing the motion for relief from judgment, denied him access to the courts in violation of his First Amendment rights.

Plaintiff posits that Defendant Holsomback violated his discovery obligations when Holsomback, in December of 2020, failed to inform Plaintiff that his accuser had been convicted of making false allegations of criminal sexual conduct against another person. Based on the detailed account of Defendant Holsomback, it appears that Plaintiff's accuser, after Plaintiff's conviction became final, falsely accused another party of rape and was subsequently convicted of making a false report of first-degree criminal sexual conduct. (Dec. 7, 2020, Letter, ECF No. 1, PageID.47–51.) Plaintiff contends that Holsomback was obligated to disclose this evidence because it exculpates Plaintiff.

Because Holsomback's failure to disclose the purportedly exculpatory evidence is the subject of Plaintiff's motion for relief from judgment, and because that failure suggests that Holsomback conducted himself unethically, and because Holsomback and Gruizenga are

"colleagues . . . [who] work in the same facility," (Compl., ECF No. 1, PageID.11), Plaintiff claims that Holsomback and Gruizenga conspired to deny Plaintiff access to the courts.

Plaintiff seeks damages.

Plaintiff initially filed this action in the United States District Court for the Eastern District of Michigan. That court transferred the action to this Court by order entered March 1, 2022. The Court also notes that Plaintiff has previously filed a habeas corpus action in the United States District Court for the Eastern District of Michigan challenging the convictions for which he is presently incarcerated; the court dismissed the petition as untimely. *Prescott v. Chapman*, No. 20-cv-10129, 2021 WL 2413332 (E.D. Mich. June 14, 2021). The Sixth Circuit Court of Appeals recently denied a certificate of appealability on Plaintiff's appeal of that decision. *Prescott v. Stephenson*, No. 2:20-cv-10129 (6th Cir. Feb. 15, 2022).

**II.    Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that Defendants have denied him access to the courts in violation of the First and Fourteenth Amendments.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824–28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see*

4

*also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to nonfrivolous pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Here, Plaintiff does not suggest that he has lost any remedy by virtue of the delay in docketing and resolving his motion. He claims he filed the motion on August 20, 2021, and that is the date of filing reflected on the trial court's docket. The motion was denied on December 10, 2021, per the register of actions that Plaintiff has submitted. Plaintiff's appeal of that decision is pending in the Michigan Court of Appeals. *People v. Prescott*, No. 360527 (Mich. Ct. App.). Although Plaintiff indicates that the trial court's initial failure to docket the motion caused him "a. panic disorder; b. insomnia; c. major depressive disorder; d. emotional distress; e. mental anguish; f. increased anxiety; g. depression; h. post-traumatic stress disorder," it has not cost him any remedy in the state courts, this court, the United States District Court for the Eastern District of Michigan, or the Sixth Circuit Court of Appeals. Absent such a lost remedy, Plaintiff has failed to state a claim for denial of access to the courts and his complaint is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C.

5

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 17, 2022                           /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE